IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLINTON RUSTHOVEN,<br><br>  Plaintiff,<br><br>vs.<br><br>VICTOR SCHOOL DISTRICT, #7,<br><br>  Defendant. | CV 14-170-M-DLC-JCL<br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

**I.     INTRODUCTION**

Plaintiff Clinton Rusthoven, proceeding pro se, filed a motion requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Rusthoven's motion to proceed in forma pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Rusthoven's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Rusthoven's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

This action emanates from Rusthoven's application for employment as a substitute teacher with Defendant Victor School District ("District"). Rusthoven alleges that on September 18, 2013, the District "toyed" with him with respect to

2

the hiring process and its identification of the proper department to which he was to submit his application.  After Rusthoven submitted his application, the District apparently told him it would have an outside agency conduct a necessary background check, and would forward Rusthoven's payment for the background check to the agency.  But Rusthoven later discovered the District did not request the background check.  Rusthoven states he inquired with the Montana Department of Justice and confirmed the District's "dishonesty" towards him regarding his background check.  As a result, Rusthoven contacted the Ravalli County Sheriff's office to report his missing personal information – information that was apparently contained within his application and background check submission.

Rusthoven asserts he suffered six weeks of humiliation as a result of the District's conduct which ultimately forced him to move out of Ravalli County.

Rusthoven purports to advance legal claims for relief under (1) Title VII of the Civil Rights Act of 1964 (Title VII), (2) Title I of the Americans with Disabilities Act (ADA), and (3) the Genetic Information Nondiscrimination Act of 2008 (GINA).  Rusthoven requests an award of compensatory and punitive damages.

## III. DISCUSSION

Because Rusthoven is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The allegations of Rusthoven's Complaint expressly identify Title VII, the ADA, and GINA as the legal authority for his claims. Although Rusthoven does not describe the nature of his claims, based on the circumstances of his factual allegations the Court will presume that he is attempting to allege that the District discriminated against him.

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §

12112(a). To prevail on a Title I claim a plaintiff must allege and prove "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted).

Similarly, Title VII of the Civil Rights Act also recognizes legal claims for relief for discrimination. To plead a claim for discrimination under Title VII a plaintiff must allege facts showing the plaintiff: (1) is a member of a protected class; (2) was qualified for the employment position; (3) experienced an adverse employment action; and additional facts showing that (4) "similarly situated individuals outside [the] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Finally, GINA prohibits discriminatory employment practices that are based on an individual's genetic information. Specifically, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, [or otherwise discriminate against an employee] because of genetic information with respect to

the employee[.]" 42 U.S.C. § 2000ff-1(a)(1). Additionally, GINA prohibits an employer from disclosing an employee's genetic information to others except in limited circumstances. 42 U.S.C. § 2000ff-5(b). GINA provides an employee with the same civil remedies available under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000ff-6(a).

Upon review of Rusthoven's allegations, the Court finds his Complaint is deficient with respect to the facts that must be pled to support his legal claims. He does not set forth facts identifying or describing any alleged disability he may have, or facts plausibly suggesting he is a disabled person within the meaning of the ADA. His allegations also do not present facts suggesting he is a member of a class of persons protected under Title VII of the Civil Rights Act.

Additionally, Rusthoven's allegations do not factually describe and plausibly suggest that the District actually made or committed any adverse employment decision or action against him. His allegations omit facts describing what ultimately transpired between Rusthoven and the District. He does not state whether the District offered him a job, whether it rejected his job application, or whether he elected not to pursue the job application any further. His pleading is void of any information plausibly suggesting that the District took any actual adverse action towards him with respect to his job application and his opportunity

to be hired.

Finally, Rusthoven's factual allegations also do not describe or identify specific acts or omissions of the District which he contends constitute a violation of GINA. Rusthoven does not indicate whether he contends the District discriminated against him based on his genetic information, whether the District unlawfully disclosed his genetic information, or perhaps both. Rusthoven must plead facts in his allegations which state a claim for relief under GINA.

Although a court must liberally construe a pro se litigant's allegations, the courts need not read into allegations the necessary elements of a federal claim that simply are not pled by the litigant. "While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, 'a liberal interpretation of a ... civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982))).[1]

---

[1] The Court further notes that before proceeding in federal court Rusthoven must first exhaust his administrative remedies available through the federal Equal Employment Opportunities Commission. *See Duncan v. Rio Suite Hotel & Casino*, 2012 WL 5818125, *4 (D. Nev. 2012) (addressing Title VII, ADA, and GINA claims). The exhaustion requirement applies to Title VII claims (*Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) and 42 U.S.C. § 2000e-5(b)), ADA claims (*Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) and 42 U.S.C. § 12117), and claims under GINA (42 U.S.C. § 2000ff-6 and 29 C.F.R. §

Based on the foregoing, the Court finds that Rusthoven's allegations in his Complaint are factually deficient, and fail to state any claim for relief. Therefore, his pleading is subject to dismissal.

## IV. CONCLUSION

Although Rusthoven's Complaint, as presently pled, is subject to dismissal, the dismissal must be without prejudice. Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Under the circumstances, that Court cannot conclude that Rusthoven would be unable to cure the factual deficiencies in his Complaint by filing an amended pleading.

Therefore, IT IS RECOMMENDED that Rusthoven's Complaint be DISMISSED without prejudice.

In view of Rusthoven's pro se status, the Court will afford him an opportunity to amend his allegations to cure the factual defects noted in this

---

1635.10). Although the exhaustion requirement is not a jurisdictional issue (*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)), it is a condition precedent to proceeding in federal court which a defendant can waive. A failure to exhaust could subject a pleading to dismissal under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

ruling. The Clerk of Court is directed to provide him with a complaint form for filing an amended complaint.

Therefore, IT IS ORDERED that on or before **September 26, 2014,** Rusthoven shall file an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Rusthoven's amended complaint need only set forth a short and plain statement of his claims against the District showing that he is entitled to relief. But his allegations must include all of the facts necessary to support all of the elements of his legal claims.

At all times during the pendency of this action, Rusthoven shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Rusthoven is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad*

*Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 28th day of August, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge