IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLINTON RUSTHOVEN, <br><br> Plaintiff, <br><br> vs. <br><br> VICTOR SCHOOL DISTRICT, #7, <br><br> Defendant. | CV 14-170-M-DLC-JCL <br><br> FINDINGS AND RECOMMENDATION |

## I. INTRODUCTION

On May 23, 2014, Plaintiff Clinton Rusthoven, proceeding pro se, commenced this action by filing his original complaint, together with a motion requesting leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(a), the Court granted Rusthoven's motion, and then proceeded to review and screen the allegations of his complaint under 28 U.S.C. § 1915(e)(2).

On August 28, 2014, the Court concluded that Rusthoven's complaint failed to state a claim upon which relief could be granted, and recommended that the complaint be dismissed without prejudice. The Court permitted Rusthoven to file an amended pleading to cure the deficiencies in his complaint as identified by the Court in its August 28, 2014 ruling. On September 25, 2014, Rusthoven filed his

1

amended complaint as permitted.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Rusthoven's Amended Complaint to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.   PLAINTIFF'S ALLEGATIONS

This action arises from Rusthoven's application for employment as a

substitute teacher with Defendant Victor School District ("District"). On September 18, 2013, Rusthoven submitted his application for employment, together with the necessary fees to pay for his background check by the District. Four weeks later, the District allegedly told Rusthoven it was still awaiting the results of his background check.

On October 30, 2013, Rusthoven learned, upon inquiry to the Montana Department of Justice, that the background check had not been requested. When Rusthoven confronted the District about the background check he was purportedly not provided an explanation.

Rusthoven contends the District failed to follow its own policies which required it to promptly submit requests for background checks. He alleges the policy requires the request be submitted within three weeks, but the District took more than six weeks before it submitted a request for his background check. Rusthoven asserts, therefore, that the District did not act with "due diligence", and it "lied" to him about having submitted the request.

Rusthoven alleges the District "admitted gossiping about" him with employees at the Human Rights Bureau of Montana during the job interview process. (Doc. 9 at 6.) Rusthoven apparently learned that information from a friend through social media.

Rusthoven also asserts the District admitted it accessed information he had posted about himself on social media, and used that information against him in the job interview process. The information he had posted pertained to his "rare genetic syndrome[.]" (Doc. 9 at 7.)

Rusthoven purports to advance legal claims for relief under (1) Title I of the Americans with Disabilities Act (ADA) with reference to a "rare genetic syndrome", (2) Title VII of the Civil Rights Act of 1964 (Title VII) with reference to "gender non-conforming (bi-gender)", and (3) the Genetic Information Nondiscrimination Act of 2008 (GINA). (Doc. 9 at 6.) Rusthoven requests an award of compensatory and punitive damages.

### III. DISCUSSION

Because Rusthoven is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*,

58 F.3d 494, 497 (9th Cir. 1995)).

The allegations of Rusthoven's Complaint expressly identify Title VII, the ADA, and GINA as the legal authority for his claims. Although Rusthoven's allegations do not expressly identify the nature of his claims, in view of the circumstances of his factual allegations the Court will presume that he is attempting to allege that the District discriminated against him in violation of the referenced federal laws.

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on a Title I claim a plaintiff must allege and prove "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted).

Similarly, Title VII of the Civil Rights Act also recognizes legal claims for relief for discrimination. To plead a claim for discrimination under Title VII a plaintiff must allege facts showing the plaintiff: (1) is a member of a protected

5

class; (2) was qualified for the employment position; (3) experienced an adverse employment action; and additional facts showing that (4) "similarly situated individuals outside [the] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Finally, GINA prohibits discriminatory employment practices that are based on an individual's genetic information. Specifically, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, [or otherwise discriminate against an employee] because of genetic information with respect to the employee[.]" 42 U.S.C. § 2000ff-1(a)(1). Additionally, GINA prohibits an employer from disclosing an employee's genetic information to others except in limited circumstances. 42 U.S.C. § 2000ff-5(b). GINA provides an employee with the same civil remedies available under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000ff-6(a).

Upon review of Rusthoven's allegations, the Court finds his amended complaint is deficient for the same reasons his original complaint was deficient. His allegations lack the requisite factual information that must be pled to support

the elements of his legal claims identified above. Although Rusthoven states he has a rare genetic syndrome, he presents no factual allegations suggesting the syndrome renders him a disabled person within the meaning of the ADA – he does not allege he is disabled.

Similarly, with respect to his Title VII claim, although Rusthoven wrote "gender non-conforming (bi-gender)" in the space where he identified Title VII as a cause of action, his allegations do not factually assert he is actually a member of that referenced class of people. Although the Court could liberally construe Rusthoven's allegations to assert he is a member of that identified class, his allegations are deficient in other respects.

As was noted with respect to Rusthoven's allegations in his original complaint, his allegations in his amended complaint again do not factually describe, and plausibly suggest, that the District actually made or committed any adverse employment decision or action against him due to either his disability or his alleged membership in a protected class. His allegations omit facts describing what ultimately transpired between Rusthoven and the District, and specifically, he does not allege that the District refused to hire him. In fact, Rusthoven's allegations state that the District later "tried to hire Plaintiff," but he felt he had already been damaged. (Doc. 9 at 7.) Thus, his pleading actually suggests the

7

District offered Rusthoven employment, not that it committed an adverse employment action against him.

Furthermore, with respect to Rusthoven's Title VII claim, he does not present any factual allegations suggesting the District discriminated against him based on his membership in a protected class. He does not set forth any facts plausibly suggesting that the District treated other similarly situated individuals outside the protected class more favorably, or that other circumstances of his job interview process give rise to an inference that the District otherwise discriminated against him based on his membership in a protected class.

Finally, Rusthoven's factual allegations also do not describe or identify specific acts or omissions of the District which he contends constitute a violation of GINA. Rusthoven does not allege that the District discriminated against him based on his genetic information, or that it unlawfully disclosed his genetic information.

Although a court must liberally construe a pro se litigant's allegations, the courts need not read into allegations the necessary elements of a federal claim that simply are not pled by the litigant. "While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, 'a liberal interpretation of a ... civil rights complaint may not supply essential elements of the claim that were

not initially pled.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982))).

Based on the foregoing, the Court finds that Rusthoven's allegations in his amended complaint are factually deficient, and fail to state any claim for relief. Therefore, his amended pleading is subject to dismissal.

## IV. CONCLUSION

For the reasons discussed, IT IS RECOMMENDED that Rusthoven's Amended Complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(ii) for failure to state any legal claim for relief.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). But, where a court previously notified a litigant of deficiencies in his allegations, and afforded the litigant an opportunity to amend the claims, if the litigant files an amended pleading which fails to cure the defects identified by the court, then the court may conclude that the deficiencies cannot be cured by further amendment and the court need not afford the litigant an additional opportunity to amend.

9

*Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). A "repeated failure to cure deficiencies by amendments" is sufficient to justify a dismissal without leave to amend. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court's prior findings and recommendation issued August 28, 2014, identified all of the necessary elements of Rusthoven's legal claims, and the defects in Rusthoven's original allegations which prevented his complaint from stating a claim for relief. The Court afforded Rusthoven an opportunity to cure the identified defects by filing an amended pleading. Although Rusthoven filed an amended pleading as permitted, his new allegations continue to lack sufficient facts to state a claim for relief, and fail to cure the defects previously identified by the Court. Therefore IT IS RECOMMENDED that the dismissal of Rusthoven's amended complaint be with prejudice.

DATED this 30th day of September, 2014.

                                                       */s/ Jeremiah C. Lynch*
                                                       Jeremiah C. Lynch
                                                       United States Magistrate Judge