IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CLINTON RUSTHOVEN, | CV 14–170–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| VICTOR SCHOOL DISTRICT #7, | **FILED** |
| Defendant. | NOV 1 7 2014 |

Clerk, U.S. District Court
District Of Montana
Missoula

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and

Recommendation on September 30, 2014, recommending that Clinton

Rusthoven's Complaint be dismissed with prejudice for failure to state a claim

upon which relief may be granted. Rusthoven timely objected to the Findings and

Recommendation and is therefore entitled to *de novo* review of the specified

findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). For the

reasons stated below, the Court adopts Judge Lynch's findings and

recommendation in full.

Rusthoven, proceeding pro se, filed an original Complaint and moved to

proceed in forma pauperis on May 23, 2014. Upon in forma pauperis review,

Judge Lynch dismissed the Complaint without prejudice for failure to state a claim. Rusthoven was given leave to amend his Complaint. Rusthoven then filed an Amended Complaint. Judge Lynch again conducted a preliminary screening of the Amended Complaint under Title 28 U.S.C. § 1915(e)(2). Based upon this screening, Judge Lynch found that Rusthoven's claims under Title I of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Genetic Information Nondiscrimination Act of 2008 ("GINA") were legally deficient, and therefore, recommended dismissal of the Complaint for failure to state a claim. Because the Court had already afforded Rusthoven an opportunity to cure defects previously identified, Judge Lynch recommended that the dismissal be with prejudice.

Judge Lynch correctly provided Rusthoven with notice of the defects in his Complaint in order to give Rusthoven an "opportunity to amend effectively." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Judge Lynch's Findings and Recommendation again provided Rusthoven with notice of the defects in his Amended Complaint. In his objections, Rusthoven has included information that was not pled in either of his Complaints. Because Rusthoven is a pro se litigant, and dismissal with prejudice is a harsh remedy, the Court will construe Rusthoven's objections as being incorporated into his Complaint.

## I. Americans with Disabilities Act Claim

Rusthoven alleges discrimination under Title I of the ADA. Title I prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures . . . ." 42 U.S.C. § 12112(a). To prevail on his Title I claim, Rusthoven "must establish a prima facie case by showing that: (1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability." *Hutton v. Elf Atochem North America, Inc.*, 273 F.3d 884, 891 (9th Cir. 2001) (citations omitted).

### A. Disability

Rusthoven objects to Judge Lynch's findings and recommendations that Rusthoven's Title I claim is deficient. Though not alleged in his Amended Complaint, Rusthoven states in his objections that he has a "rare genetic syndrome that gives him a meek appearance, and caused physical genetic defects." (Doc. 12 at 2.) In his objections, Rusthoven has provided unathenticated photos of his "deformed tongue that prevents him from speaking and eating as compared to the average applicant for employment," (Doc. 12-1 at 4), and of "his deformed right hand," (Doc. 12-1 at 5). Even after incorporating these new facts into Rusthoven's Complaint, the Court concludes that Rusthoven fails to state a claim under Title I

of the ADA.

Rusthoven does not allege any facts suggesting that the deformity of his right hand renders him a disabled person within the meaning of the ADA; thus the Court will only analyze the speaking and eating claims. Under the ADA, "disability" means "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). "Major life activities" include eating and speaking. 42 U.S.C. § 12102(2)(A). Whether a disability "substantially limits" Rusthoven's eating and speaking "requires an individualized assessment." 29 C.F.R. § 1630.2(j)(1)(iv).

This assessment requires a comparison of Rusthoven's eating and speaking "to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). The "substantially limits" standard, however, is not a "demanding standard," 29 C.F.R. § 1630.2(j)(1)(ii), and should not require "extensive analysis," 29 C.F.R. § 1630.2(j)(1)(iii).

Because Rusthoven is proceeding pro se, the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Based on the lenient criterion applied to pro se complaints, and the undemanding requirements of the "substantially limits" standard, the Court concludes, after incorporating facts alleged in his objections,

that Rusthoven has alleged sufficient facts to support a plausible claim that he is disabled within the meaning of the ADA.

**B. Qualified Individual**

Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In his objections, Rusthoven claims that he has worked for school districts in Las Vegas, Nevada and Billings, Montana, and he also attached an unauthenticated photo of a substitute teacher identification badge for Billings School District #2 in his objections "to help support that he is qualified to be a substitute teacher in the state of Montana." (Doc. 12 at 7; Doc 12-1 at 1.) After incorporating these facts alleged in his objections, the Court concludes that Rusthoven has alleged sufficient facts to support a plausible claim that he is a "qualified individual" within the meaning of the ADA.

**C. Adverse Employment Action**

Title I provides that "[n]o covered entity shall discriminate against a qualified individual *on the basis of* disability." 42 U.S.C. § 12112(a) (emphasis added). Rusthoven must, therefore, allege "that his disability 'actually played a role [in the employer's decisionmaking] process and had a determinative influence

on the outcome.'" *Hernandez v. Hughes Missile Systems Co.*, 362 F.3d 564, 568 (9th Cir. 2004) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)) (alteration in original). In other words, Rusthoven must allege that "he suffered an adverse employment action *because of* his disability." *Hutton*, 273 F.3d at 891 (emphasis added).

Rusthoven claims Defendant lied to him about the amount of time it would take to conduct a background check. He further claims in his objections that "the events that lead [sic] up to his hiring was [sic] discriminatory." (Doc. 12 at 6.) Even after incorporating facts alleged in his objections, the Court concludes that Rusthoven has alleged no facts sufficient to establish a prima facie case that he suffered an adverse employment action. Notably, Defendant hired Rusthoven.

An adverse employment action has been defined as an action that "materially affect[s] the compensation, terms, conditions, or privileges of . . . employment." *Chuang v. University of California Davis, Bd. Of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000) (defining "adverse employment action" for purposes of Title VII of the Civil Rights Act of 1964). Adverse employment actions must be "non-trivial." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (analyzing "adverse employment action" for purposes of Title VII of the Civil Rights Act of 1964). Examples of adverse employment actions

include "termination, dissemination of a negative employment reference, issuance

of an undeserved negative performance review and refusal to consider for

promotion." *Id.* Rusthoven has alleged no facts, including in his objections, to

establish a prima facie case that Defendant's delay in sending in a background

check adversely affected his employment. He has thus not shown that he

experienced an adverse employment action. Furthermore, Rusthoven does not

plausibly allege that any delay in sending in the background check was due to his

alleged disability. Therefore, Rusthoven's Title I claim under the ADA fails and

must be dismissed.

## II. Civil Rights Act Claim

Rusthoven alleges discrimination under Title VII. Title VII makes it

unlawful for an employer "to fail or refuse to hire . . . any individual . . . because

of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). To plead a

discrimination claim under Title VII, Rusthoven must establish a prima facie case

showing:

> (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citations

omitted).

In his objections, Rusthoven claims that he is "bi-gender." (Doc. 12 at 2.) In his objections, he provides unauthenticated photos ostensibly supporting this claim. (Doc. 12-1 at 2–3.) Gender is a protected class under Title VII. *Schwenk v. Hartford*, 204 F.3d 1187, 1202 (9th Cir. 2000) (stating that "[d]iscrimination because one fails to act in the way expected of a man or woman is forbidden under Title VII"). After incorporating the facts alleged in his objections, the Court concludes that Rusthoven has alleged sufficient facts to plausibly claim that he is a member of a protected class.

As explained above, however, Rusthoven alleges no facts, including in his objections, which support a plausible claim that he experienced a non-trivial adverse employment action, or that Defendant discriminated against him because of his gender identity. Therefore, Rusthoven's Title VII claim fails and must be dismissed.

## III. Genetic Information Nondiscrimination Act Claim

Under GINA, it is unlawful for an employer to "refuse to hire [someone] . . . because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). GINA also prohibits employers from disclosing genetic information to others. 42 U.S.C. § 2000ff-5(b).

In his objections, Rusthoven claims that an employee of Defendant "confessed that she was a friend of Plaintiff's on Facebook and saw most of his posts about politics and his personal life." (Doc. 12 at 3.) Rusthoven further alleges in his objections that he had posted information about his genetic disorder on his Facebook account. Rusthoven does not allege that his genetic information was ever seen by any employee of Defendant, let alone that this information caused Defendant to refuse to hire him. In fact, he alleges that Defendant hired him. Nor does Rusthoven allege that Defendant disclosed his genetic information to others. Therefore, Rusthoven's GINA claim fails and must be dismissed.

The Court has liberally construed Rusthoven's Complaint because he is a pro se litigant. *Haines*, 404 U.S. at 520. However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even after incorporating new facts from Rusthoven's objections into his Complaint, the Court concludes that Rusthoven has again failed to allege the essential elements of his claims. Judge Lynch, therefore, correctly determined that Rusthoven's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED that Judge Lynch's Findings and Recommendation

(Doc. 11) are ADOPTED IN FULL.

The Complaint (Doc. 9) is DISMISSED WITH PREJUDICE.  The Clerk of

the Court shall enter judgment in favor of Defendant and against Plaintiff.  This

case is CLOSED.

DATED this 17th day of November 2014.

Dana L. Christensen, Chief Judge
United States District Court